IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEPHTHAH L. MONTGOMERY,

    Petitioner,

    v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:20-CV-5363
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a Motion for Leave to Proceed *in forma pauperis* with an attached prison account statement. (Doc. 3). Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**.

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it does so appear, the

petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, these are the circumstances here. It is therefore **RECOMMENDED** that this action be **DISMISSED.**

## I. BACKGROUND

Petitioner challenges his May 8, 2001 convictions pursuant to his no contest plea in the Guernsey County Court of Common Pleas on two counts of aggravated murder, one count of aggravated robbery, and one count of aggravated burglary. On November 6, 2001, the trial court imposed concurrent terms of life imprisonment with parole eligibility after twenty-five years on the aggravated murder convictions, and concurrent terms of nine years imprisonment on the aggravated robbery and aggravated burglary convictions. *See State v. Montgomery*, 5th Dist. No. 18 CA 38, 2019 WL 2354946 (Ohio Ct. App. May 31, 2019). Petitioner did not pursue a direct appeal. Years later, however, he did pursue other state collateral relief.

> {¶4} On August 9, 2010, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim. R. 32.1. Appellant claimed that his sentence was void because the court improperly imposed post-release control, and that his plea was not knowing, intelligent, and voluntary. The trial court, on October 13, 2010, overruled the motion. Appellant then appealed.
>
> {¶5} Pursuant to an Opinion filed on November 28, 2011 in *State v. Montgomery*, 5th Dist. Guernsey No. 10CA42, 2011-Ohio-6145, [the appellate court] affirmed the judgment of the trial court.
>
> {¶6} Thereafter, on September 4, 2018, appellant filed a Motion to Resentencing pursuant to R.C. 2967.28. Appellant, in his motion, argued that the trial court had erred when it failed to comply with R.C. 2967.28(B) 'by failing to impose any post release control on the remaining unclassified felony to witt (sic): C.T. 5: Aggravated Robbery where defendant received nine years." Appellee filed a response to the same on November 26, 2018. Pursuant to an Order filed on December 6, 2018, the trial court denied appellant's motion.
>
> {¶7} Appellant now raises the following assignments of error on appeal:
>
> {¶8} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A NEW RE SENTENCING HEARING FOR FAILURE TO INCLUDE POST RELEASE CONTROL ON THE FELONY AND TWO OFFENSES IN THE CURRENT CASE."

> {¶9} "II. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT ON BOTH COUNTS OF AGGRAVATED MURDER WHICH WERE PREVIOUSLY DETERMINED TO MERGE, THE COURT ERRED IN DETERMINING BOTH COUNTS MERGE (SIC), YET SENTENCED DEFENDANT ON BOTH COUNTS."

Id. at *1. On May 31, 2019, the appellate court affirmed the trial court's judgment. *Id.* On October 1, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Montgomery*, 157 Ohio St.3d 1428 (Ohio 2019).

On September 25, 2020, Petitioner executed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, PAGEID # 3). He asserts that the trial court improperly imposed a term of post-release control and failed to merge his sentences. The one-year statute of limitations bars these claims.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

Applied here, Petitioner's judgment of conviction became final under the provision of § 2244(d)(1)(A) in December 2001, thirty days after the judgment entry of sentence, when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); Ohio App.R. 4(A). The statute of limitations expired one year later, in December 2002. Petitioner waited more than seventeen and a half years, until September 2020, to execute this habeas corpus petition. Further, none of the subsequent state actions he filed, long after the statute of limitations had expired, affected the running of the statute of limitations. *See Morris v. Warden, Noble Corr. Inst.*, No. 2:20-cv-01803, 2020 WL 2128605, at *3 (S.D. Ohio May 5, 2020) (citing *Searcy*, 246 F.3d at 519). "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Moreover, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (holding that, to obtain equitable tolling of the statute of limitations, a litigant must establish that

4

he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing).

### III. RECOMMENDED DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:   October 26, 2020                                  /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE