IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEPHTHAH L. MONTGOMERY,

      Petitioner,

    v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:20-CV-5363
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On October 26, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the petition for a writ of habeas corpus pursuant be dismissed. (ECF No. 5.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 11.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow Petitioner's Objection (ECF No. 11) is **OVERRULED**. The Report and Recommendation (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

On May 8, 2001, Petitioner entered a no contest plea in the Guernsey County Court of Common Pleas to two counts of aggravated murder, one count of aggravated robbery, and one count of aggravated burglary. The trial court imposed concurrent terms of life imprisonment with parole eligibility after twenty-five years. Petitioner did not pursue a direct appeal or otherwise challenge his convictions until August 9, 2010, when he filed a motion to withdraw his

guilty plea. On September 25, 2020, Petitioner executed this pro se habeas corpus petition. He asserts that the trial court improperly imposed a term of post-release control and failed to merge his sentences. The Magistrate Judge recommended dismissal of this action as untimely under the provision of 28 U.S.C. § 2244(d), filed approximately seventeen and one half years too late. Petitioner objects to that recommendation.

Petitioner contends that he diligently pursued relief and that this action is timely because he is raising a claim based on the Ohio Supreme Court's decision in *State v. Williams*, 148 Ohio St.3d 403 (Ohio 2016), *abrogated by State v. Henderson*, -- N.E.3d --, 2020 WL 5919686 (Ohio Oct 7, 2020), decided in November 2016. However, the record does not support this allegation. Petitioner filed a motion to withdraw his guilty plea in August 2010. Thereafter, almost two years after the Ohio Supreme Court's decision in *Williams*, in September 2018, Petitioner filed a motion for re-sentencing, asserting that the trial court had failed to comply with state law in imposing post-release control and failed to merge his sentences. *See State v. Montgomery*, 5th Dist. No. 18 CA 38, 2019 WL 2354946 (Ohio Ct. App. May 31, 2019). Issues regarding the alleged violation of state law do not, in any event, provide a basis for federal habeas corpus relief. 28 U.S.C. § 2254(a). Moreover, nothing prevented Petitioner from earlier raising a claim that his sentences should have been merged or that they violated the Double Jeopardy Clause.

For these reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 11) is **OVERRULED**. The Report and Recommendation (ECF No. 5) is **ADOPTED** and **AFFIRMED**. This action is **DISMISSED** as time-barred.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  February 3, 2021**